UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TROY LUKENS,

        Petitioner,        3:14-cv-00720-TC

        v.        FINDINGS AND RECOMMENDATION

RICK ANGELOZZI,

        Respondent.

Coffin, Magistrate Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections, filed a petition under 28 U.S.C. § 2254 challenging his conviction and sentence on two probation violations. Respondent moves to dismiss the petition without prejudice on the ground that petitioner has failed to exhaust state remedies on any of the claims in his petition.

    The relevant facts are as follows: Petitioner was convicted on six counts of Burglary in the Second Degree.

1 - FINDINGS AND RECOMMENDATION

Exhibit 101. Following petitioner's plea, the court sentenced petitioner to 13 months' imprisonment on one of the burglary counts and to supervised probation of 24 months on the remaining counts. Exhibit 104, p. 17. Petitioner was advised that if he violated the conditions of his probation he could face from 13 to 37 months in prison. *Id.* p. 21.

Petitioner did not file a direct appeal. On M May 26, 2011, petitioner filed a petition for post-conviction relief alleging claims of ineffective assistance of counsel related to the trial court proceeding that resulted in petitioner's stipulated plea. Exhibit 108. Respondent moved to dismiss the petition on the grounds that petitioner failed to state a claim for relief. Exhibit 110. However, after petitioner failed to appear at two court ordered status conferences, the post-conviction court dismissed petitioner's case for failure to prosecute. Exhibit 111. Petitioner did not appeal the PCR court's judgment of dismissal.

Subsequently petitioner was arrested for a probation violation. At a probation violation hearing on March 14, 2014, the issue before the court was petitioner's sentence, as he had already pled guilty to violations for failure to abstain from drug use and for absconding supervision. *Id*, p. 1-2. At the conclusion of the hearing, the court revoked petitioner's probation and sentenced him to 13 months in

2 - FINDINGS AND RECOMMENDATION

prison.

On April 8, 2014, petitioner filed a notice of appeal on his probation violation. Exhibit 107. On April 11, 2014, petitioner filed the petition in this proceeding. Petitioner's appeal of his probation violation and sentence is still pending.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be

3 - FINDINGS AND RECOMMENDATION

considered. <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989); <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1984; <u>Turner v. Compoy</u>, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. <u>O'Sullivan v. Boerckel</u>, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. <u>Keeney v. Tamayo-Reyes</u>, <u>supra</u> at 10.

In this case, petitioner's pending state direct appeal constitutes an unexhausted state court remedy. To the extent that petitioner argues that the circuit court did not have jurisdiction to impose an additional sanction following his probation violation, that is the type of claim that he <u>may</u>, and must, present to the state court for review. Therefore, petitioner's Petition (#2) should be denied without prejudice. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have

fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this 6 day of May, 2015.

                                            Thomas M. Coffin
                                            United States Magistrate Judge